JOHN A. SMITH *et al.*

*v.*

MARY A. WEST *et al.*

*Filed at Ottawa June 21, 1882.*

1. WITNESS—*competency—defendant in chancery for a co-defendant.* Where a party defendant in a suit in chancery disclaims any interest in the subject matter of the litigation and the result of the suit, he is a competent witness, both at common law and under the statute, for his co-defendants. Under the practice in chancery, a defendant might always testify for a co-defendant, if his evidence did not necessarily involve his own interest.

2. REMAINDERS—*of vested and contingent remainders.* Where a conveyance of a particular estate is made to support a remainder over, the tenant for the particular estate takes it, and if the remainder-man is in being, he takes the fee. In such a case the remainder is not contingent as to its becoming a vested remainder, because the title vests in the remainder-man on the delivery of the deed. The title thus vested becomes an estate of inheritance, and in case the remainder-man dies before the previous estate is expended, the title passes to his heirs, unless the deed directs otherwise.

3. A remainder is vested when there is a fixed right of future enjoyment. A vested remainder is a fixed interest, to take effect in possession after the intervening estate is spent or ceases, but if it be uncertain whether a use or estate limited *in futuro* shall ever vest, that use or estate is contingent. The fact, however, that the remainder-man may die before the tenant for life, will not affect the vested nature of the estate. It is the present capacity of taking effect in possession, in case the prior estate were determined, that distinguishes a vested from a contingent remainder.

4. Where a conveyance is made to a woman, of a life estate, and the remainder to the children of her body, or such as may be living at her death, or the descendants of any one that may be then deceased, it will pass immediately to her children a vested remainder in fee, and not a contingent remainder.

5. STATUTE OF FRAUDS—*sale of land by parol—performance to take a case out of the statute.* The owner of several tracts of land sold one of them to his agent in this State in consideration that the latter would fence certain others of the remaining tracts, which the agent did according to the terms of the agreement, though no written contract was made, and in 1856 took actual possession of the tract so sold him, inclosed the same, and put a part of it in cultivation, and made valuable and lasting improvements thereon, and kept such possession until in 1879, when he conveyed the same to a woman for life, with remainder to the children of her body. It was *held*, that these facts

were sufficient to take the case out of the Statute of Frauds, and that the conveyance vested in his grantees an equitable title to the premises conveyed.

6. EVIDENCE—*as to ownership of land—by paying taxes in former owner's name.* Where a person claimed to have purchased a tract of land from a non-resident owner, for whom he was agent in respect to a large number of other tracts, the alleged purchase being a verbal one, and during a period of thirty years afterward, in paying taxes as agent on his principal's other lands, he included his own tract in his principal's list of lands, but there was no proof that he ever charged the taxes on his tract to the principal in any of their settlements: *Held,* that this was likely a mistake, and the facts did not afford sufficient evidence to show that his claim to the tract alleged to have been bought, was unfounded.

7. CHANCERY—*affirmative relief on answer not proper.* A defendant is not entitled to affirmative relief on his answer alone, when it is not made a cross-bill. To obtain such relief it must be on original or cross-bill.

APPEAL from the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JAMES E. MUNROE, for the appellants:

The defendant Allan could not render himself a competent witness for his daughter, Mrs. West, by disclaimer. A defendant can not, by disclaiming, deprive the complainant of a full answer to his bill, unless it is evident the defendant should not, after the disclaimer, be continued a party to the suit. *Ellsworth* v. *Curtis*, 10 Paige, 105; *Glassington* v. *Thwaites*, 2 Russ. Ch. 458.

If Allan was a proper or necessary party to the suit, or was interested adversely to appellants, he was not competent to testify against them as to any facts occurring between him and their ancestor before his death. The fact that he made a deed of this land to Mrs. West made him a proper party to the bill, so far as it sought to remove such conveyance as a cloud upon complainants' title. *Himes* v. *Keightlinger*, 14 Ill. 469; *McEuan* v. *Kerfoot*, 37 id. 530; *Philpot* v. *Taylor*, 75 id. 309; *Brady* v. *McCosker*, 1 Comst. 214; *Bowles* v. *Stewart*, 1 Schoales & Lef. 227; *Gaylord* v. *Kelshaw*, 1 Wall. 82; *Ward* v. *Hollins*, 14 Md. 158; *Bulkeley* v. *Dunbar*, 1 Aust. 37; *Graham* v. *Coape*, 9 Simons' Ch. 93; *Whiting* v.

*Rush,* 2 Young & Col. 546; 1 Daniell's Chancery Practice, 707, 708; *Robinson* v. *Davis,* 11 N. J. Eq. 305.

If there remains any interest, right or liability of the assignor which can be affected by the decree, he is a necessary party. Barbour on Parties, 463; Story's Equity Pleading, sec. 153; *Montague* v. *Lobdell,* 11 Cush. 111; *Thompson* v. *McDonald,* 2 Dev. & Bat. 463.

Allan's deed to Mrs. West conveyed to her only a life estate, and the remainder to the children of her body who might survive her is purely contingent. *Beacroft* v. *Strawn,* 67 Ill. 28; *Thompson* v. *Luddington,* 104 Mass. 193; *Olney* v. *Hull,* 21 Pick. 311; *Stevens* v. *Evans,* 30 Ind. 37; *Johnson* v. *Jacob,* 11 Bush, 646; *Williamson* v. *Williamson,* 11 B. Mon. 368; *Robertson* v. *Wilson,* 38 N. H. 38; *Augustus* v. *Seabolt,* 3 Metc. (Ky.) 162; *Price* v. *Hall,* 5 Law Rep. Eq. Cas. 399; *Festing* v. *Allen,* 12 Mees. & W. 278; *Smith* v. *Rice,* 130 Mass. 141; *Duffield* v. *Duffield,* 3 Bligh, (N. R.) 334; 2 Blackstone's Commentaries, 169; Fearne on Contingent Remainders, 8, 9, 351; Washburn on Real Prop. * 263, 264.

The deed of Allan to West is a deed operating by way of use, under the Statute of Uses. *Shackleton* v. *Sebree,* 86 Ill. 621.

When possession is relied on to take a case out of the Statute of Frauds, it must affirmatively appear that the party obtained possession under the agreement and in part performance of the same, and the improvements must have been made under the contract itself. *Pickerell* v. *Morss,* 97 Ill. 220; *Padfield* v. *Padfield,* 92 id. 190; *Wood* v. *Thornly,* 58 id. 464.

Mr. CHARLES DUNHAM, for the appellees:

Mr. Allan was a competent witness for the defendants after being dismissed as a party on his disclaimer, and, indeed, before it was shown he had no interest in the land.

The charge of the taxes on this land for two of the various years, was through mistake in paying on a long list of lands. This tract was listed in Allan's name during those years, and Allan swears he paid all the taxes on this tract out of his own means.

It is contended that the remainder in Allan's deed to the children of Mrs. West is contingent. The uncertainty as to whether they will ever enjoy the estate, does not determine whether their remainder is vested or contingent. Such an estate is vested in interest when the person is in being, and ascertained, who will, if he lives, have an absolute and immediate right to possession upon the termination of all the precedent estates, provided the estate limited to him shall last so long. *Howley* v. *James*, 5 Paige, 466; 2 Blackf. 169; 2 Cruise, 270; 4 id. 260; Fearne, 216.

As to the proper distinction between a vested and contingent remainder, and to show that the children of Mrs. West took by Allan's deed a vested remainder, counsel also cited the following other authorities: *Moore* v. *Littel*, 41 N. Y. 72; *Lawrence* v. *Bayard*, 7 Paige, 75; *Vanderheyden* v. *Crandall*, 2 Denio, 18; 4 Kent's Commentaries, *202; 1 Hilliard on Real Property, 513, 518, 526 a, 527, 528, 529.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill, filed by appellants, against Mary A. West and against minor heirs claiming to have an interest in common with complainants, for the partition of the north-west quarter of section 8, town 17 north, range 3 east of the fourth principal meridian, in Henry county, and to remove a deed to her from her father for the land, as a cloud on their title.

It appears that Allan, the father of Mrs. West, entered the land in controversy, with quite a number of other tracts of land, for David A. Smith, in the year 1836; that the title to this tract stood in the name of Smith until the time of his

death, which occurred on the 13th of July, 1865, and his will was probated on the 26th of that month, and by it his ten children, as devisees, became invested with the title to this land, if he held any at his death. The bill, as finally amended, claimed that complainants owned the title.

It was set up in the answer that Smith sold this tract to Allan in consideration that he would fence certain other of Smith's lands, which he did according to the terms of the agreement; that he, in 1856, took the actual possession of and enclosed it, and put about twenty acres into cultivation, and had been in the actual and exclusive possession of it ever since, until he sold it to Mrs. West, by quitclaim deed, on the 10th day of July, 1879, and she had been so in possession ever since, claiming it as the owner. Complainants on leave amended their bill, and made Allan a party defendant. He thereupon filed a disclaimer to all interest in the premises. He alleges that he does not claim, and has not claimed since before the filing of the first amended bill therein, any right, title or interest in or to the estate or premises described in the bill, and disclaims all interest and right of every kind in the estate or premises. Complainants filed a replication to Mrs. West's answer, and also a replication to Allan's disclaimer. A trial was first had on Allan's disclaimer, and the issue was found in his favor. A trial was subsequently had on the bill as amended, and Mrs. West's answer, and the court found in her favor, and rendered a decree dismissing the bill at complainants' costs, and they appeal to this court.

Whether the practice of trying the issue on Allan's disclaimer was or not correct, can not matter, as from the evidence in the case he was a competent witness, both at common law and under the statute. It clearly shows he had no interest in the result of the suit. Under the practice in chancery a defendant might always testify for a co-defendant, if his evidence did not necessarily involve his own inter-

est, otherwise a complainant could have prevented a witness from testifying, simply by making him a defendant to the bill.

It is urged that Allan's deed to Mrs. West only having conveyed a life estate to her, and a remainder to the children of her body, or such as might be living at her death, or the descendants of any one that might be then deceased, the fee remained in him or his heirs until her death, and the fee would not vest in the remainder-man until the life estate should be expended, and hence the remainder was contingent. We do not so understand the rule. We understand it, that when a conveyance of the particular estate is made to support a remainder over, the tenant for the particular estate takes it, and if the remainder-man is in being, he takes the fee. In such a case the remainder is not contingent as to its becoming a vested remainder, because the title vests in the remainder-man on the delivery of the deed. The title thus vested becomes an estate of inheritance, and in case the remainder-man dies before the previous estate is expended, the title passes to his heirs, unless the deed directs otherwise.

Fearne, in his work on Remainders, p. 1, in defining them, says: "An estate is vested when there is an *immediate right* of present or future enjoyment. An estate is vested *in possession* when there is a *right* of *present* enjoyment. An estate is *vested in interest* when there is a present fixed *right* of *future* enjoyment. An estate is *contingent* when a *right* of enjoyment is to accrue on an event which is *dubious* and uncertain." Here the event is not uncertain. The children of Mrs. West were in being. Her death is certain to occur, although the time is dubious.

Chancellor KENT, vol. 4, p. 202, defines a vested remainder thus: "A remainder is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment. It gives a legal or equitable seizin. * * * A vested remainder is a fixed interest, to take effect in possession after a particular estate is spent. If it be uncertain

whether a use or estate limited *in futuro* shall ever vest, that use or estate is said to be a contingency. But though it may be uncertain whether a remainder will ever take effect in *possession,* it will nevertheless be a vested remainder if the interest is fixed. * * * Every remainder-man may die, and without issue, before the death of the tenant for life. It is the present *capacity* of taking effect in possession, if the possession were to become vacant, that distinguishes a vested from a contingent remainder. When the event on which the preceding estate is limited must happen, and when it also may happen before the expiration of the estate limited in remainder, the remainder is vested, as in the case of a lease to A for life, remainder to B during the life of A, the preceding estate determines on an event which must happen, and it may determine by forfeiture or surrender before the expiration of A's life, and the remainder is therefore vested." The definition and illustrations which he gives are taken from the unquestioned doctrines as collated by Fearne, Cruise, and other commentators of acknowledged authority, and fully supported by adjudged cases.

The application of the rule is well illustrated by Chancellor WALWORTH, in *Hawley* v. *James,* 5 Paige, 466. He says: "A remainder is vested in interest where the person is in being and ascertained, who will, if he lives, have an absolute and immediate right to the possession of the land upon the ceasing or failure of all the precedent estates, provided the estate limited to him by the remainder shall so long last,—in other words, where the remainder-man's right to an estate in possession can not be defeated by third persons, or contingent events, or by a failure of a condition precedent, if he lives, and the estate limited to him by way of remainder continues till the precedent estates are determined, his remainder is vested in interest." So, in *Moore* v. *Littel,* 41 N. Y. 72, it is said: "Decisions and text-writers agree, that by the common law a remainder is vested where there is a person

in being who has a present capacity to take in remainder, if the particular estate be then presently determined; otherwise the remainder is contingent. It is said that before the remainder is vested the person must be ascertained, and in this sense that is perfectly true. The person must be one to whose competency to take no further or other condition attaches, etc., *i. e.* in respect to whom it is not necessary that any event shall occur, or condition be satisfied, save only that the precedent estate shall determine."

In this case, under all of the conditions of the rule, the remainder passed from and vested in the children of Mrs. West. They were then in being, were ascertained and designated as the remainder-men, and were capable of, and did take, a vested remainder, and as has been seen, their death before their mother, without issue, would not prevent or defeat the vested remainder,—it would in such a case descend to their heirs. But whatever may become of the estate in the future, we have no doubt it vested in the children of Mrs. West when the deed was delivered. It then follows that Allan had parted with all of his title by conveying the land, and was not incompetent as a witness, because he held no title to or an interest in the land.

Nor is there the slightest force in the objection that Allan reserved a lien of $5000 on the land. That was fully paid before he was made a party to the suit. He therefore held no title to or interest in the land, immediate or remote, direct or collateral, and was competent to testify.

It is urged, however, that the evidence of Allan does not sustain the decree. It is clear, consistent, reasonable, and apparently fair. If it is to be believed, it is ample. He specifies the time, place and terms of the purchase. They are sufficient in every respect to have authorized the specific performance of the contract, had it been asked by original or cross-bill in the case. Its terms are not doubtful or ambiguous, and Allan swears that he did all things required

by the agreement, and performed it in full; that he took possession of the property, and made lasting and valuable improvements on it, by fencing the entire tract, and breaking and cultivating a part. This was sufficient to take the contract out of the statute and vest an equitable title in Allan, and he conveyed it to Mrs. West, who continued the possession. If, then, this testimony is reliable, it sustains the decree.

It is urged that the evidence of Allan is not reliable, because, it is insisted, he was mistaken in the date of one or two occurrences. There is, perhaps, nothing more difficult to remember than precise dates. After many years but few can from memory even approximate them. If the evidence of witnesses depended for credence on accuracy in such matters, but few would stand the test. Again, Allan had his house and all of his papers destroyed before he testified, and labored under the disadvantage of not having his books and memoranda from which to refresh his memory. That he could not remember dates, or even should forget occurrences through a period of thirty years, is not surprising, but on the contrary was to be reasonably expected.

It is urged that Allan, two or three years, in paying taxes on Smith's list of lands, included this, and thus showed he had no claim to it. That such a mistake might occur in paying taxes on a considerable list for thirty years is not surprising; nor does it appear that although paid in Smith's name the money was not furnished by Allan, and the amount of the taxes on this tract never charged to Smith in their settlements during his life, or with the executor after his death. Neither is alive, nor did complainants produce Smith's books to repel that conclusion. On the other hand, this tract seems to have always been assessed in Allan's name, when none of the others were. He took possession of this tract and used it, but there is no pretense that he did either of the others. These are circumstances strongly corroborating his evidence. The circumstances relied on to

impeach his positive, clear, and apparently fair and truthful evidence, are too slight to induce us to disbelieve and reject it as untrue.    He and Smith were brothers-in-law, and were on the most friendly and confidential terms, and from that fact dealt and acted with less care than had they not been thus connected by family ties.    They seem to have had unshaken faith in the fairness and honesty of each other, hence writings were not drawn to evidence their contracts.    Allan's agency was not in writing, nor did receipts pass on settlements, so far as we can learn from this record; nor did they ever, so far as we can see, have the slightest difference in reference to this or any other matter.    From their relations they did their business more loosely and with less care than would strangers or persons having less confidential relations.    We, on a careful examination of the evidence, believe it is true in all of its essential particulars, and that it fully supports the decree.

The views here expressed render it unnecessary to discuss the question whether the Statute of Limitations has barred the suit.    If, as we have seen, Allan purchased the land from Smith, and performed the agreement on his part, after having entered into possession under the contract, that affords a complete bar to the relief sought.

It is urged that the court erred in decreeing the fee to be in Mrs. West and her children.    A defendant is not entitled to relief on an answer alone, whatever the evidence may be on the hearing.    To obtain relief it must be on an original or cross-bill.    None was filed in this case, nor was the answer made a cross-bill, according to the rule announced in *Thielman* v. *Carr*, 75 Ill. 385, and *Purdy* v. *Henslee*, 97 id. 389, and in this there was error.    On the evidence heard the court should have dismissed the bill, at the costs of complainants.

So far as the decree affords relief, beyond the dismissal of the bill, it will be reversed, but in all other respects affirmed, and the costs of this court will be equally divided.

*Decree reversed in part and in part affirmed.*