WILLIAM GOLLADAY *et al.* Appellees, *vs.* CATHERINE KNOCK *et al.* Appellants.

*Opinion filed June 18, 1908—Rehearing denied October 7, 1908.*

1. WILLS—*vested remainder defined.* A vested remainder is a present interest which passes to a party to be enjoyed in the future, so that the estate is invariably fixed in a determinate person after a particular estate terminates.

2. SAME—*a vested remainder cannot rest upon contingencies which may defeat it while preceding estate lasts.* To constitute a vested remainder it is not sufficient that there is a person in being who has the present capacity to take the remainder if the preceding estate is presently determined, but it must also appear that there are no collateral contingencies which may intervene to defeat the remainder before the falling in of the preceding estate.

3. SAME—*fact that remainder is subject to a condition does not necessarily make it contingent.* While a contingent remainder is one which is limited to take effect to a dubious and uncertain person or upon a dubious or uncertain event, yet all remainders subject to contingencies or conditions are not necessarily contingent, and if the contingency or condition is a subsequent one the remainder is vested, subject to being divested upon the happening of the subsequent event.

4. SAME—*when will creates a contingent remainder.* A devise to the testator's wife for life "and to her children after her death," and if she does not have children "that will live to inherit" the land, then the land, at the death of the wife and her children, shall go to a named person and his heirs, creates a contingent remainder with a double aspect, which, upon the death of the wife without children surviving, becomes a fee in such named person or in those who are his heirs at that time. (Contrary view in *Boatman* v. *Boatman,* 198 Ill. 414, and *Chapin* v. *Nott,* 203 id. 341, overruled.)

5. SAME—*when children of life tenant have no vested interest.* Under a devise of land to the testator's wife for life "and to her children after her death," and if she does not have children "that will live to inherit" the land, then the land, at the death of the wife and her children, shall go to a named person and his heirs, children of the wife have no vested interest unless they survive their mother.

6. DEEDS—*when deed by contingent remainder-man passes no interest.* A contingent remainder may be transferred by warranty deed so as to pass title to the grantee provided the grantor lives until the happening of the contingency which is to vest the estate; but if he dies before that time no interest passes by the deed, and its covenants work no estoppel against the assertion of title by his children, who do not claim by descent from him but under the will, which created the remainder in their father "and his heirs."

APPEAL from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding.

This is an appeal from the circuit court of Coles county in a partition proceeding in which the complainants claim an interest in the real estate in question as grandchildren and heirs of Moses Golladay.

The real estate involved was owned in fee simple by George Golladay at the time of his death, which occurred on the 13th of January, 1854. The interests of the par-

ties in the real estate depends upon the construction to be given to the second clause of the will of George Golladay. That clause is as follows: "After the payment of such debts I give, devise and bequeath unto my wife, Nancy Golladay, all my personal property and real estate, being in sections 9 and 10, in town 13, north, range 10, east, third P. M., in said county, and to her children after her death; and if the said Nancy Golladay does not have children that will live to inherit said real estate, that the said real estate, at the death of Nancy Golladay and her children, fall to Moses Golladay and his heirs, of said county."

At the time of the death of the testator, his widow, Nancy Golladay, had no children, but after the death of the testator his widow married one Johnson and had a daughter by him, who lived to be twenty-three years of age. This daughter died before her mother. Moses Golladay died in 1855, leaving two children, William Golladay and Mary Knock. On May 15, 1900, William Golladay executed a general warranty deed to Henry H. Fuller and Ross R. Fuller, purporting to convey the real estate described in the bill. William Golladay died January 1, 1904, intestate. Complainants are his children. Mary Knock, the only daughter of Moses Golladay, died intestate in the year 1890, leaving six children as her only heirs. John Knock, Jr., one of the children of Mary Knock, on the 27th day of February, 1904, made a warranty deed conveying his interest in the real estate involved to Henry H. Fuller. Nancy Golladay died in 1907.

The court below found that Nancy Golladay took a life estate in the real estate in question under the will of George Golladay, and that Moses Golladay and his heirs took a contingent remainder, which, upon the death of Nancy Golladay without leaving children surviving her, became a fee in the persons who at that time answered the description of "heirs of Moses Golladay;" that Henry H. Fuller and Ross R. Fuller took nothing under their deed from Wil-

liam Golladay, and said deed was by the decree of the court canceled as· a cloud upon the title. The court by its decree found that the complainants are each entitled to a one-sixteenth interest in the premises in fee, and that H. H. Fuller, Jack Knock, Catherine Knock, Minnie Knock, Anna Knock and Emma Knock are each seized of an undivided one-twelfth interest in said estate, and that no other parties have any interest therein. All of the defendants other than H. H. and R. R. Fuller claimed as heirs of Cassie Johnson, the daughter of Nancy Johnson, formerly Nancy Golladay. The court found that these parties had no interest in the premises. Henry H. and Ross R. Fuller excepted to the decree and have perfected an appeal, to this court. The errors relied on for a reversal are, that the court erred in finding that the second clause of the will of George Golladay gave Moses Golladay a contingent remainder instead of a vested remainder, and that the court erred in rendering a decree in favor of complainants, against the defendants.

C. C. LEE, and H. A. NEAL, for appellants:

Moses Golladay took, under this will, a vested remainder. A vested remainder is an estate to take effect after another estate for years, life or in tail, which is so limited that if that particular estate were to expire or end in any way at the present time some certain person who was *in esse* and answered the description of the remainder-man during the continuance of the particular estate would thereupon become entitled to the immediate possession, irrespective of the concurrence of any collateral contingency. *Boatman* v. *Boatman,* 198 Ill. 414; *Chapin* v. *Nott,* 203 id. 341; *Ruddell* v. *Wrenn,* 208 id. 513; *Ducker* v. *Burnham,* 146 id. 9; *Siddons* v. *Cockrell,* 131 id. 653; *Smith* v. *West,* 103 id. 332; *Scofield* v. *Olcott,* 120 id. 362; *Cheney* v. *Teese,* 108 id. 473; *Myers* v. *Alder,* 1 L. R. A. 432; *Culbreth* v. *Smith,* id. 538; *Bunting* v. *Sparks,* 3 id. 690.

A. C. ANDERSON, for appellees:

No rule of construction applies when the testator has fixed the time himself when the gifts are to take effect. *Fifer* v. *Allen,* 228 Ill. 521; *Crocker* v. *VanVlissingen,* 230 id. 225.

The rule that where a bequest is to one person absolutely and in case of his death without issue to another, the contingency referred to is a death in the lifetime of the testator, and does not apply when a point of time is fixed by the testator or where a life estate intervenes. *King* v. *King,* 215 Ill. 100; *Fifer* v. *Allen,* 228 id. 521.

A remainder is contingent where it is to pass on an uncertain or dubious event. *Haward* v. *Peavey,* 128 Ill. 430; *Thompson* v. *Adams,* 205 id. 552.

Under this will it could not be known at the time the deed was made to the Fullers whether Moses Golladay would ever have any interest in the real estate. *Security Co.* v. *Kuhn,* 207 Ill. 166.

The court favors the vesting of estates, and if no time is fixed by the testator it will be presumed the will became effective at his death, but where a clear intention is shown, from the entire will, to postpone the vesting, the intent of the will must be carried out. *Starr* v. *Willoughby,* 218 Ill. 485.

In furtherance of this rule the termination of the particular estate will not be, of itself, treated as a condition preventing vesting of the estate on the testator's death, because it is a condition which must always occur, and the testator is contemplated as having had that in mind.

The rule cited by appellants that where there is a person *in esse* as a remainder-man that person takes a vested remainder regardless of rights of contingent remainder-men not *in esse,* overturns all established law on remainders; but if it is a valid rule of construction, it was never intended to take away from the testator the right to fix the time of

the vesting and has no application here. *Brechbeller* v. *Wilson,* 228 Ill. 507; *Cummings* v. *Hamilton,* 220 id. 480.

Both remainders in this case were contingent, being remainders with a double aspect, dependent on the same particular estate. When one took effect the other was forever gone. *Furnish* v. *Rogers,* 154 Ill. 570; *Peoria* v. *Darst,* 101 id. 609.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The principal question in this case is whether the interest devised to Moses Golladay and his heirs was a vested or a contingent remainder. A vested remainder is a present interest which passes to a party to be enjoyed in future, so that the estate is invariably fixed in a determinate person after a particular estate terminates. -(2 Blackstone's Com. 168; *Haward* v. *Peavey,* 128 Ill. 430.) Fearne, in his work on Remainders, on page 2, says: "An estate is vested when there is an immediate fixed right of present or future enjoyment; an estate is vested in possession when there exists a right of present enjoyment; an estate is vested in interest when there is a present fixed right of future enjoyment." A remainder is vested when a definite interest is created in a certain person and no further condition is imposed than the determination of the precedent estate. It is not sufficient that there is a person in being who has the present capacity to take the remainder if the particular estate be presently determined. It must also appear that there are no other contingencies which may intervene to defeat the estate before the falling in of the particular estate. (*Smith* v. *West,* 103 Ill. 332.) In the case last above cited this court quoted with approval the language of Chancellor Walworth in *Hawley* v. *James,* 5 Paige, 466, as follows: "A remainder is vested in interest where the person is in being and ascertained, who will, if he lives, have an absolute and immediate right to the possession of the land upon the ceasing or failure of all the

235—27

precedent estates, provided the estate limited to him by the remainder shall so long last,—in other words, where the remainder-man's right to an estate in possession cannot be defeated by third persons or contingent events or by a failure of a condition precedent, if he lives, and the estate limited to him by way of remainder continues till the precedent estates are determined, his remainder is vested in interest."

A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event. This general definition has often been approved by this court. While the difference between a vested and a contingent remainder is clear enough under the definitions as given by the authorities, still it is not always an easy matter to determine whether a particular instrument creates a vested or a contingent remainder. Thus, it does not necessarily follow, in all cases, that every estate in remainder which is subject to a contingency or condition is a contingent remainder. The contingency or condition may be either precedent or subsequent. If the former, the estate is contingent; if the latter, the remainder is vested, subject to be divested by the happening of the condition subsequent. (*Haward* v. *Peavey, supra,* and authorities there cited.) To distinguish between a contingent remainder and one that is vested, subject to be divested by a condition subsequent, is often a matter of much difficulty. So far as our investigation has gone we have found no attempt to formulate a rule on the subject, except the general rule that it is to be determined in each case as a question of construction of the instrument creating the interest.

In the case at bar both parties agree that under the second clause of the will of George Golladay Nancy Golladay took a life estate. The devise over to Moses Golladay and his heirs cannot be construed as vesting a present interest in fee, subject to be divested upon the death of the life tenant leaving children surviving her. The language of the testator will not bear such construction. The clearly ex-

pressed intention of the testator was to give his wife a life estate in the premises, with remainder in fee to such of her children as might be living at the time of her death; then, to meet the possibility that his wife might die leaving no children surviving her, he made the devise over to Moses Golladay and his heirs. Here the devise over depended on a dubious and uncertain contingency,—that is, the death of the life tenant without leaving children surviving her. The language of the testator that the real estate is to fall to Moses Golladay and his heirs "at the death" of the life tenant, clearly indicates that the testator did not intend or contemplate a vesting of the devise over before the happening of that contingency. In other words, the testator has fixed the time and the condition under which the estate may vest, and it is not the province of courts to defeat the intention of the testator by a resort to artificial rules of construction.

Appellants place much reliance upon the case of *Boatman* v. *Boatman*, 198 Ill. 414. That case arose under the following facts: The testator devised a certain portion of his real estate to his son, Emory Boatman, subject to the following condition: "The share of the real estate that my son Emory gets under this will is only a life estate. He is to have the use, rents and proceeds of said land, after paying taxes and necessary repairs, so long as he may live. At his death, if he leaves any child or children surviving him, then said land is to go to such child or children, but if he dies leaving no child or children surviving him then said lands to go to his brothers and sisters." After the death of the testator, and during the life of Emory Boatman, Clara V. Worsham, a sister of Emory Boatman, conveyed, by quit-claim deed, all of her interest in the real estate of her father, including that upon which Emory Boatman held a life estate, to four of her brothers, one of whom was Clarence E. Boatman. Clarence E. Boatman died intestate February 14, 1899, leaving no children but leaving Ida

M. Boatman, his widow. Emory Boatman died June 19, 1901, leaving no widow, child or children or descendants of a child or children. Ida M. Boatman filed her bill for a partition, claiming that her deceased husband was seized of a vested interest in the lands in which Emory Boatman held a life estate, and that by the death of her husband without children, she, as his widow, became seized, under the Statute of Descent, of one undivided half interest in the lands upon which Emory Boatman held the life estate. This court affirmed a decree sustaining the contention of the widow of Clarence E. Boatman. In that case, on page 420, a definition of a vested remainder was given, as follows: "A vested remainder is an estate to take effect after another estate for years, life or in tail, which is so limited that if that particular estate were to expire or end in any way at the present time, some certain person who was *in esse* and answered the description of the remainder-man during the continuance of the particular estate would thereupon become entitled to the immediate possession, irrespective of the concurrence of any collateral contingency."

This definition is not erroneous when all of the language embraced within it is properly considered. The definition, however, is very erroneous and misleading unless the modifying clause introduced by the last eight words employed is constantly kept in mind. The subsequent treatment of the question involved in that case shows that the court applied the definition given, without considering that the death of the life tenant leaving children surviving him was the "concurrence of a collateral contingency," which, under the definition given, prevented the interest of the brothers and sisters of Emory Boatman from being a vested remainder. There was in that case, as there is in the case at bar, a collateral contingency to be taken into account,— that is, the death of the life tenant without leaving surviving children before the remainder could become vested. This contingency is a dubious and uncertain event. It could not

be known until the death of the life tenant whether this contingency would happen, hence the remainder was contingent in the *Boatman case* as it is in this. In this respect the *Boatman case* is out of harmony with our previous decisions as well as the great weight of authority outside of this State. (See 24 Am. & Eng. Ency. of Law,—2d ed.— p. 418.) In so far as the *Boatman case* seems to lay down the rule that a devise to one with remainder in fee to his children who may survive him, with a devise over to another in case the life tenant dies leaving no children, creates a vested interest in remainder in the last devisee, that case is overruled. The case of *Chapin* v. *Nott,* 203 Ill. 341, in so far as it is based on the *Boatman case* on this point, must be regarded as unsound. The remainder created by the devise over in such case is contingent upon the death of the life tenant without leaving children. That this is the proper construction of a clause in a will or deed is recognized by many decisions of this court, among which the following may be cited: *City of Peoria* v. *Darst,* 101 Ill. 609; *Smith* v. *West, supra; McCampbell* v. *Mason,* 151 Ill. 500; *Furnish* v. *Rogers,* 154 id. 570.

In the case last above cited the clause in the will involved was as follows: "I give and bequeath to my grand-niece, Jessie Starkweather, * * * my house and two lots in Sycamore, * * * also thirty-two acres in Mayfield, DeKalb county, Ill., and $500, all of which is to go to her children should she marry. If she should die childless, then it is to be divided between her mother and the rest of my grand-nieces and nephews who will appear and give evidence of such." It was held that under the foregoing clause Jessie Starkweather took a life estate, and that the remainder created by the devise over was contingent on her marriage and the birth of children who survive the life tenant. In disposing of that case this court, speaking by Mr. Justice Phillips, on page 571, said: "The language employed designates the children as those who take the re-

mainder, and the estate does not vest in them, as an absolute fee simple title to them and their heirs forever, until the death of Jessie, as it is further provided that if she die childless the estate is to be divided among her mother and the rest of the testator's grand-nieces and nephews, etc., whose estate is contingent upon the death of Jessie without a surviving child or children or the descendants of such child or children, in which case the takers of the remainder are substituted for surviving children.. By the first clause of the will Jessie Starkweather takes an estate for life in the house, lots and land and in the $500 therein bequeathed. The remainder is a concurrent, contingent remainder with a double aspect, to be determined immediately upon the death of Jessie, as at that moment it will vest in her child or children, or the descendants of such child or children, that survive her, and in default of such survival the remainder would vest in the mother of Jessie and the other grand-nieces and nephews of the testator,"—citing *Dunwoodie* v. *Reed,* 3 S. & R. 452, and *City of Peoria* v. *Darst, supra.*

The law as laid down in the *Rogers case,* and the others above cited in line with it, furnishes the correct rule of decision in the case at bar. The second clause of the will of George Golladay gave his wife a life estate with a contingent remainder with a double aspect, to be determined upon the death of the life tenant. At the time of her death she left no children surviving her. The devise over to the heirs of Moses Golladay therefore took effect as a fee simple interest upon the falling in of the life estate. The daughter of Nancy Golladay who died before her mother, and such of the heirs of Moses Golladay as pre-deceased the life tenant, had no interest in the premises.

William Golladay was a son of Moses Golladay. As already shown, he made a warranty deed purporting to convey his interest in the premises to Henry H. Fuller and Ross R. Fuller several years before the death of the life tenant. Appellants contend that this deed operated as a

conveyance of the interest of William Golladay, and that if said deed was otherwise inoperative it should be given effect, by way of estoppel, against the assertion of title by the complainants, who are the children of William Golladay. This contention cannot be sustained. William Golladay died before the life tenant. No title ever vested in him. His children are not estopped by the covenants in this deed for the reason that they are not asserting a title by descent from their father, but are claiming under the will of George Golladay, as heirs of Moses Golladay. A contingent remainder may be transferred by warranty deed, under our statute, so as to vest the title in the grantee. (Hurd's Stat. 1905, chap. 30, sec. 7; *Wadhams* v. *Gay,* 73 Ill. 415; *Walton* v. *Follansbee,* 131 id. 147.) But where the grantor of such an interest dies before the contingency happens upon which the estate is to vest, nothing passes by such deed. (*Thomas* v. *Miller,* 161 Ill. 60.) Had William Golladay survived the life tenant appellants would have succeeded to his share in this estate. In that event his deed would have been binding upon him and his heirs after his death. The conveyance by John Knock, Jr., to Henry H. Fuller is valid under the authorities which nullify the deed of William Golladay. John Knock, Jr., survived the life tenant. The court below correctly held that H. H. Fuller was entitled to the share of John Knock, Jr. This is the only interest he has in this estate. The other appellant, Ross R. Fuller, who claims under the deed of William Golladay, has no interest whatever.

There is no error in the decree of the circuit court. The decree will be affirmed.

*Decree affirmed.*

Mr. JUSTICE DUNN took no part in the decision of this case.