NATHANIEL P. GOULD ET ALS *vs.* ARTHUR C. LEADBETTER ET AL.

Androscoggin.      Opinion April 17, 1930.

*Pulsifer & Ludden*, for plaintiffs.
*Clifford E. McGlauflin*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ. PHILBROOK, A. R. J.

PATTANGALL, C. J. On appeal. Bill in equity praying for partition of certain real estate formerly the property of Ulmer Perley and disposed of in his will under a clause reading: "I give and bequeath to my grandson, Ulmer P. Francis, my homestead farm after myself and wife decease, and if he don't leave any children at his decease, my wish is that my heirs shall have two-thirds of the above property."

The testator died August 19, 1887, leaving a widow who died in 1899 and three daughters, Adelia Gould who died in 1892, Zipporah L. Francis who died in 1903, and Augusta P. Foss who died in 1909. On September 25, 1888, Adelia Gould and Zipporah L. Francis deeded by quitclaim to Ulmer P. Francis all of their

right, title and interest in the property in question, their husbands joining in the deed.

Ulmer P. Francis died testate in April, 1928, leaving no children and devising this real estate to his wife, Nellie A. Francis, who died a year later leaving no will. The defendants are her sole heirs at law. Plaintiffs S. P. Strickland and Arthur C. Foss are heirs of Augusta P. Foss, who never conveyed her interest in the property. The remaining plaintiffs are heirs of Adelia Gould and Zipporah L. Francis.

By fair implication, under the quoted clause in Ulmer Perley's will, his widow took a life interest in the property. Subject to her life estate, Ulmer P. Francis took one-third in fee simple and the other two-thirds in fee tail in remainder, which became an estate tail in possession upon the death of the widow, with remainder over to the heirs of the testator. *Fisk* v. *Keene*, 35 Me., 349 ; *Richardson* v. *Richardson*, 80 Me., 592 ; *Hall* v. *Cressey*, 92 Me., 514 ; *Skolfield* v. *Litchfield*, 116 Me., 440 ; *In re Reeves* (Del.), 92 Atl., 247 ; 2 Jarman on Wills (5th Am. Ed.), 136.

A distinction is noted between an estate tail created by conveyance and such an estate created by devise. An estate tail by conveyance is not created if the limitation over is not postponed until an indefinite failure of issue but on failure of children only. *Outland* v. *Bower* (Ind.), 7 A. S. R., 420, 10 R. C. L., 659. "It is otherwise where the estate is created by devise. The word 'children' has never been held to be equivalent to the word 'heirs' in a deed, but has frequently been so regarded when appearing in a will." *Adams* v. *Ross*, 30 N. J. L., 512. "A devise to one and his children, he having no children at the time, is equivalent to a devise to him and his issue and creates an estate tail." *Nightingale* v. *Burrill*, 15 Pick., 114.

The court below ordered the bill dismissed as to all plaintiffs excepting S. P. Strickland and Arthur C. Foss, to whom the interest of Augusta P. Foss had descended, holding that the phrase "my heirs" in the clause under consideration referred to those who were such at the time of the testator's decease, and that the quitclaim deeds from Adelia Gould and Zipporah L. Francis conveyed to Ulmer P. Francis four-ninths of the property in question. This

conclusion is unquestionably correct, provided that the remainder over to the heirs of the testator vested at the time of his death. *Carver* v. *Wright*, 119 Me., 185. Otherwise not. If the remainder over to the heirs of the testator was contingent, the phrase would apply to those who were such when the contingency terminated.

A contingent remainder may be alienated, 2 Washburn Real Property (2nd Ed.), 239, but not by quitclaim deed. When the contingent remainderman, prior to the decease of the tenant for life, conveyed the estate by deed of general warranty, the title which vested when the contingency ceased enured to the benefit of the grantee and the grantor is estopped by his deed. But if, under like circumstances, the conveyance is by quitclaim deed, the only covenant being that he will "warrant and defend the premises to the grantee, his heirs and assigns forever, against the lawful claims of all person* claiming by, through or under" the grantor, the remainder vesting at the decease of the tenant for life will not enure to the benefit of the grantee nor will the grantor or his heirs be estopped from maintaining a real action thereon. *Read* v. *Fogg and Whittemore*, 60 Me., 479.

"A deed of release, when the releasor or grantor has no title, passes nothing and will not carry an after-acquired title, unless it contains covenants of warranty. The covenant of non-claim relates only to the future." *Pike* v. *Galvin*, 29 Me., 183; *Harriman* v. *Gray*, 49 Me., 537. In the present case, the deeds of Adelia Gould and Zipporah L. Francis, being quitclaim deeds, conveyed no title unless the remainder vested prior to the time of conveyance. The important issue here, therefore, is the determination of the nature of the remainders to these grantors.

The distinction between vested and contingent remainders is thoroughly discussed in a series of opinions by this court, including *Woodman* v. *Hall*, 89 Me., 128; *Robinson* v. *Palmer*, 90 Me., 246; *Webber* v. *Jones*, 94 Me., 429; *Storrs* v. *Burgess*, 101 Me., 26; *Giddings* v. *Gillingham*, 108 Me., 516; *Trott* v. *Kendall*, 125 Me., 85. None of these cases is exactly on all fours with the instant case, but they illuminate the general principle involved and are in accord with the well established doctrine of the early text writers, accepted by modern authority.

"A remainder is said to be vested where a present interest passes to a party to be enjoyed in the future so that the estate is invariably fixed in a determinate person after a particular estate terminates, while a contingent remainder is one limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event. 2 Bla. Com., 168. This definition is adopted in substance by all text writers and is sufficiently accurate. But it does not necessarily follow that every estate in remainder which is subject to a contingency or condition is a contingent remainder. The condition may be precedent or subsequent. If the former, the remainder can not vest until that which is contingent has happened and thereby becomes certain. If the latter, the estate vests immediately, subject to be devested by the happening of the conditions." *Haward* v. *Peavy* (Ill.), 15 A. S. R., 125.

"A remainder limited upon an estate tail is held to be vested though it may be uncertain whether it will ever take place. The lines of distinction between vested and contingent remainders are so nicely drawn that they are sometimes difficult to be traced and in some instances a vested remainder would seem to possess the essential qualities of a contingent estate. The struggle with the courts has been for that construction which tends to support the remainder by giving it a vested character." 4 Kent's Commentaries (1st Ed.), 195.

"A remainder limited upon an estate tail is held to be vested." *Ives* v. *Legge,* 100 Eng. Reprint, 693 (note) ; *Badger* v. *Lloyd,* 91 Eng. Reprint, 206, 1249 ; *Smith and Dormer* v. *Packhurst et al,* 3 Atkyns Rep., 134, 18 Viner's Abr., 413.

"A devise over after an estate tail on a definite failure of issue is not an executory devise but a remainder. This remainder has been authoritatively settled to be vested." *Taylor* v. *Taylor* (Pa.), 3 Am. Rep., 569.

"It is the present right of future enjoyment whenever the possession becomes vacant and not the certainty that the possession will become vacant before the estate limited in remainder determines that distinguishes a vested from a contingent remainder." *Kennard* v. *Kennard,* 63 N. H., 303.

"When a remainder is subject to contingencies or conditions

precedent, it is contingent; but when subject to contingencies or conditions subsequent, it is vested subject to be devested by the happening of the subsequent event." *Golladay* v. *Knock* (Ill.), 85 N. E., 649.

"When a future estate is limited to certain persons in being subject to a prior gift to others unborn or unascertained, the estate so given is vested subject to be devested." *In re Packer's Estate* (Pa.), 92 Atl., 70.

It may be concluded, therefore, that Adelia Gould and Zipporah L. Francis took vested remainders subject to be devested by a surviving child of Ulmer P. Francis. They were not so devested and their interests were conveyed to Francis by their quitclaim deeds, so that all of the real estate in question, except that inherited by Augusta P. Foss, became the property of Nellie A. Francis under the devise from her husband. She died intestate and the defendants, her heirs at law, are now the owners of the property, with the exception of two-ninths interest therein belonging to the plaintiffs, S. P. Strickland and Arthur C. Foss, in accordance with the finding of the court below.

*Appeal dismissed.*
*Decree below affirmed.*