THE COUNTY OF DEWITT *et al.*

*v.*

JAMES M. LEEPER *et al.*

*Opinion filed April 20, 1904.*

1. PARTIES—*when county has no interest in will.*   The fact that a county holds the naked legal title to a cemetery gives it no interest in a will providing that the property of the testatrix be sold and the proceeds used to build a receiving vault and a vault for the remains of herself and husband and for improvement of the cemetery, without creating any trust in the proceeds or specifying by whom the money shall be expended.

2. SAME—*when county is in fact a party to suit.*   A county holding the naked legal title to a cemetery managed by trustees appointed by the county under the statute, (Laws of 1887, p. 97,) is in law and in fact a party to a proceeding to contest a will and is bound by the decree although not named as a party, where the cemetery is made defendant and the trustees of the cemetery appear and answer in its name.

APPEAL from the Circuit Court of Logan county; the Hon. JOHN H. MOFFETT, Judge, presiding.

BALDWIN & STRINGER, LEMON & LEMON, and ARTHUR F. MILLER, State's Attorney, for appellants.

BLINN & HARRIS, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

Martha E. Cornelius died in Logan county possessed of real and personal property of the value of $15,000 or more. A paper purporting to be her last will and testament was admitted to probate by the county court of that county, which, omitting the formal part, is as follows:

"*First*—I order and direct that my executor hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"*Second*—After the payment of such funeral expenses and debts I give, devise and bequeath all my real estate, consisting of 87½ acres to the east and near Atlanta, also my city residence, to be sold, and from the proceeds thereof I direct that a receiving vault made of marble and stone, and a vault for the remains of John L. Cornelius, my husband, and myself and Ed Leeper. Also that my bank stock in Farmer's National Bank, Pekin, Illinois, be sold, and the proceeds all be used for improvement of the Waynesville cemetery. From the sale of the farm $1000 to go to James M. Leeper of Ottawa, Kansas, if living; if dead to be used in the improvement of Waynesville cemetery where all my relatives are buried, namely, my mother, sister and others.

"*Lastly*—I make, constitute and appoint J. P. Heironymus, without bond, of Atlanta, Illinois, to be the executor of this my last will and testament, hereby revoking all former wills by me made."

In March, 1900, James M. Leeper, her nephew and a legatee named in the will, filed a bill in chancery in the

circuit court of said county to contest the will on the ground of mental incapacity and undue influence. The other heirs of Mrs. Cornelius, the executor of her will and the Waynesville cemetery were made parties defendant. The heirs made default, but the executor and the trustees of the Waynesville cemetery appeared by their respective solicitors and answered the bill. A replication was filed, issues were made up and upon a trial the jury found against the will, and the court, after overruling the motion for a new trial made by the executor and the trustees of the Waynesville cemetery, entered a decree upon the verdict setting the will and the probate thereof aside, which decree remains in full force, no appeal having been prosecuted or writ of error sued out to reverse the same. Subsequent to the disposition of the bill of Leeper to set aside the will by the entry of a final decree, the county of DeWitt and William W. Dunham, William C. Whiteman and I. J. Atchison, as trustees of the Waynesville cemetery, filed an original bill in the circuit court of Logan county against the heirs of Martha E. Cornelius, deceased, and other persons who, it was alleged, had an interest in the subject matter of the suit, for a construction of the said will and to have the same carried into effect according to the terms thereof, notwithstanding the proceedings to contest the same commenced by Leeper and the entry of the decree in that suit, on the ground that the title to the lands comprising the Waynesville cemetery is vested in the county of DeWitt and the county of DeWitt was not made a party defendant to said proceeding to contest the will, it being averred in the bill that by reason of the failure to make the county of DeWitt a party defendant to that proceeding, the decree entered therein as to it is wholly null and void, and the will and the probate thereof as to said county remains and is in full force and effect. Defendants filed a plea setting up the proceedings in the chancery suit brought by Leeper to contest the will, *in extenso*, in

bar of the present suit. The plea, upon argument, was held good, and the complainants having refused to reply thereto and having elected to stand by their bill, the bill was dismissed for want of equity, and an appeal has been prosecuted to this court.

Is the decree entered in the suit to contest the will of Martha E. Cornelius, deceased, binding upon the county of DeWitt? We think it is, for two reasons. If the will had been valid the county of DeWitt would have had no interest in the fund which the testatrix sought to set aside with which to erect a public and private vault and to improve Waynesville cemetery, and it was not, therefore, a necessary party to the suit to contest the validity of the will; and if it be conceded that had the will been valid the county of DeWitt would have had an interest in the fund set aside by the will to be used in constructing said vaults and to otherwise improve said cemetery and it was therefore a necessary party to the proceeding to contest the will, it was, although not in name, in law and in fact a party to said proceeding and bound by the decree entered in that case, and the question of the validity of said will is as to it *res judicata* and cannot again be re-litigated in this proceeding.

*First*—The act of 1851, (1 Starr & Cur. Stat.—2d ed.— p. 550,) entitled "An act to provide for the dedication of land for cemetery purposes," authorizes the conveyance, in perpetuity, of lands in limited quantities to the county in which the land is situated, for the use of any society, association or neighborhood as a burying ground or place for the interment of the dead, and the land now comprising the Waynesville cemetery was conveyed to DeWitt county by deed or devise under the provisions of said act, the effect of which was to place the legal title to said premises in the county of DeWitt, to be held in trust for the use for which said land was dedicated by the donor, that is to say, for a burying ground or a place for the interment of the dead. By section 1 of an act of the leg-

islature entitled "An act to provide for the proper care and management of county cemetery grounds," in force July 1, 1887, (1 Starr & Cur. Stat.—2d ed.—p. 554,) it is provided that where any grounds have heretofore been or may hereafter be conveyed to any county in this State for burial places, it shall be lawful for the board of supervisors, in counties under township organization, to appoint three trustees to take charge and control of such grounds. The trustees of the Waynesville cemetery who caused an answer to be filed in the chancery suit commenced by Leeper to contest the will and the trustees of the Waynesville cemetery who appear in this suit are the same persons, and were appointed by the board of supervisors of Logan county trustees of the Waynesville cemetery, under the provisions of said section, in the year 1892, and have ever since their appointment been in possession and had control of said Waynesville cemetery. Section 2 of said act provides that it shall be the duty of said trustees, so soon as may be after their appointment, to organize by appointing one of their number president and another one of their number clerk; also to appoint a treasurer, who may or may not be one of their number, who, before entering upon the duties of his office, shall give bond, with security, in such sum as the judge of the county court may require, for the safe care and manage ment of all the moneys which may come into his possession as such treasurer. Section 3 defines the duties of the treasurer. Section 4 provides said trustees may cause any such grounds to be surveyed into lots, streets and alleys, of such size and shape as they think best for proper management thereof, and cause a plat of the survey to be made and recorded in the recorder's office of the proper county, and may also sell and make deeds of conveyance of any lots or parts of lots for family or individual use for burials, at such price and on such terms as they may think best, to create a fund to keep the grounds in good repair, and purchase, where necessary,

additional grounds thereto, and any sale so made shall vest the purchaser or his legal representatives with the right to make any improvements on the part so purchased as he may desire, subject to any general rules or regulations of the trustees. Section 5 provides that where any county board has heretofore appointed trustees to take charge of county cemetery grounds, the acts of such trustees shall be legalized in so far as they are not inconsistent with the provisions of this act, and that the treasurer and trustees so appointed shall hereafter be subject to be governed by the provisions of said act. Section 6 provides the county board shall have power to remove from office any trustee appointed by it and to fill all vacancies which may in any way occur. Section 7 provides the compensation of the trustees and treasurer shall be fixed by the county board. The effect of this act is to give the trustees appointed thereunder the management, supervision and control of county cemetery grounds, except in so far as their conduct may be controlled by the right to remove them from office, which is vested in the county board.

It will be seen from an examination of the provisions of the will that Martha E. Cornelius did not intend to bequeath the fund arising from the sale of her farm, residence and bank stock to the county of DeWitt or the Waynesville cemetery, but she provided her farm, residence and bank stock should be converted into money, and after the payment of her debts, funeral expenses and $1000 to James M. Leeper, if living, the balance of the fund was to be used to build a receiving vault, a vault for the remains of her husband, herself and Ed Leeper, and for the improvement of the Waynesville cemetery. Neither does the will specify by whom the money was to be expended. It being silent upon that subject, the presumption would be the testatrix intended the person named by her as executor should carry into execution the plans which she had evolved for improving and beau-

tifying said cemetery, alone or in conjunction with the trustees, the legal custodians of the property upon which she sought to provide, by her will, her estate should be largely expended in making improvements. The county of DeWitt has no beneficial interest in the cemetery. It holds only the naked legal title to the lands comprising the cemetery, and the management and control of the cemetery is vested in the trustees. The funds belonging to the cemetery are held by its treasurer, who is required to give bond for their safe keeping. The purposes for which its funds shall be expended rest wholly within the discretion of the trustees, and if the fund derived from the sale of the farm, the residence and the bank stock of Mrs. Cornelius had been paid by her executor to the treasurer of Waynesville cemetery, the manner in which it should have been expended by the erection of a receiving and private vault and the improvement of the cemetery grounds would have rested solely with the trustees. The county took title to the real estate comprising the Waynesville cemetery by virtue of the deed or will through which it derives title, but the property sought to be disposed of by this will was to be converted into cash and expended either under the direction of the executor or the trustees of the cemetery, or both, in making the improvements specified in the will upon the cemetery grounds. There was, therefore, no attempt to bequeath the fund to the county, and it took no interest in the fund. The most that can be said is, the county holds the naked legal title to the land comprising the Waynesville cemetery, upon which the testatrix sought to provide a receiving vault and private vault should be erected and other improvements made from a fund which was to be derived from a sale of her farm, residence and bank stock. The expenditure of this fund in accordance with the terms of the will could in no way have benefited DeWitt county. It held the legal title to the premises comprising the Waynesville cemetery at the time the will

was executed, and were the will valid it would continue
to hold only the legal title after the improvements con-
templated by the testatrix had been made.  The value,
however, of that legal title would not be enhanced by
the improvements.  Its interest in the land would remain
the same whether the will was held valid or invalid.
The public were interested in having the improvements
made.  The interests of the public, however, were rep-
resented, not by the holder of the legal title, but by the
trustees of the cemetery, who had ample power, in case
they received the fund, to execute the will of the tes-
tatrix by making the improvements provided for in the
will.  This the county of DeWitt would be powerless to
do, except in so far as it was represented by the board
of trustees of the Waynesville cemetery.

We conclude, therefore, that the county of DeWitt
had no financial interest in the probate of the will of
Martha E. Cornelius, deceased, and was not a necessary
party to the bill to contest the same for mental inca-
pacity and undue influence.

*Second*—If, however, it be conceded that the county
of DeWitt had such an interest in having the will of
Martha E. Cornelius, deceased, carried into effect that it
ought to have been made a party to the bill to contest
her will, we think DeWitt county, though not in name,
was in law and in fact a party to that proceeding and
should be held to be bound by the decree entered in that
case.  The county could act only through its agents, and
for all purposes connected with the management and
control of the Waynesville cemetery the trustees of the
cemetery were the representatives of the county.  The
Waynesville cemetery was named as a party defendant
in the bill to contest the will, the board of trustees ap-
peared in that suit and filed an answer in its name, and
when defeated could have caused the decree entered in
that case to have been reviewed by appeal or writ of
error, (*People* v. *McCormick,* 201 Ill. 310,) and having failed

to pursue that remedy, the right of DeWitt county or the Waynesville cemetery to have the estate of Martha E. Cornelius converted into cash and used in erecting vaults or otherwise improving said cemetery was foreclosed by that decree.   In *Hale* v. *Hale*, 146 Ill. 227, on page 256 it is said: "It is unquestionably a general rule, subject, however, to certain well recognized exceptions, that in proceedings in equity the interests of parties not before the court will not be bound by the decree.   But among the exceptions is one growing out of convenience or necessity in the administration of justice, which has given rise to what is known as the doctrine of representation. Thus, where it appears that a particular party, though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him." And in *McCampbell* v. *Mason*, 151 Ill. 500, on page 508 the court said: "It is doubtless the general rule that in proceedings in equity the interests of parties not before the court will not be affected by the decree.   But this rule is subject to certain well recognized exceptions.   Thus, where a party is before the court by representation, and in such way that his interests must be deemed to have been as fully and effectually presented and protected as they would have been if he had been personally present, his rights will be concluded."

The interests of the inhabitants of the county of De-Witt residing in the vicinity of the cemetery were fully represented in the case to contest the will by the trustees of the Waynesville cemetery, (*Harmon* v. *Auditor of Public Accounts*, 123 Ill. 122,) and we are of the opinion the county of DeWitt is bound by the decree entered in that case, and that the chancellor ruled correctly in sustaining the plea and dismissing the bill.

The decree of the circuit court will therefore be affirmed.                                        *Decree affirmed.*