JESSIE M. FURNISH *et al.*

*v.*

C. D. ROGERS, Admr. *et al.*

*Filed at Ottawa January 15, 1895.*

1. WILL—*construction—whether remainder is vested or contingent.* A devise of property to a niece, followed by the words, "all of which is to go to her children, should she marry; if she should die childless, then to be divided," etc., creates a life estate in such niece ; but the remainder to her child, upon its birth, is not vested, but contingent.

2. The contingency upon which the remainder vests, in such case, is not the marriage of the niece and birth of a child, but the *survival* of a child or descendant of a child at her death.

3. Immediately upon the death of such niece the remainder vests, and becomes indefeasible in her child or descendant thereof surviving, and in default of such survival it vests in those among whom the will divides the property in that contingency.

4. SAME—*words which are directory do not limit estate.* The further language in such will, "It is my desire to give to Jessie Starkweather $500 in addition to the former bequest, * * * to remain on interest in a * * * mortgage," is an absolute bequest, the language as to investment being directory, only.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

HARVEY A. JONES, for plaintiffs in error.

C. D. ROGERS, *pro se.*

PHILLIPS, J.:   The questions arising on this record present for construction certain clauses of the will of one Benjamin Page, deceased, late of DeKalb county, Illinois, so far as the same relate to property devised to his grand-niece, Jessie Starkweather, who has since become the wife of W. J. Furnish, by whom she has issue one child, Kathleen Furnish, a minor, for whom W. J. Furnish is guardian, who, with his wife, files this bill to construe the will and to sell lands and lots, the subject of the devise above mentioned, and for re-investment of the proceeds in the State of Oregon, and praying that by said will as construed Jessie should be paid the said sum of $500 bequeathed to her.

The clauses of the will are as follows: "I give and bequeath to my grand-niece, Jessie Starkweather, now with me, my house and two lots in Sycamore, where I now reside, on block 8; also, thirty-two acres in Mayfield, DeKalb county, Illinois, and $500, all of which is to go to her children, should she marry; if she should die childless, then it is to be divided between her mother and the rest of my grand-nieces and nephews who will appear and give evidence of such.   I also give to said Jessie Starkweather all furniture in said house.   *   *   * It is my desire to give to Jessie Starkweather $500 in addition to the former bequest, both to remain on interest in a thousand dollar mortgage.   *   *   *   It is my desire that the furniture now in my house remain in permanently for the use of Jessie Starkweather, and not to be divided."

Certain defendants were defaulted, and defendants in error interposed a demurrer to the petition, which was sustained by the court, and the complainants below prosecute this writ of error.

It is a familiar rule that the purpose of construction of a will is to ascertain and give effect to the intention of the testator, where that may be done without violating principles of public policy or established rules of property. *Dickison* v. *Dickison*, 138 Ill. 541; *Rickner* v. *Kessler et al.* id. 636; *Taubenhan* v. *Dunz*, 125 id. 524.

By the first provision of the will the house and two lots, the land and $500, are devised to Jessie Starkweather, to go to her children if she should marry and have issue, but if she should die childless, then to be divided, etc. At the time of the devise to Jessie she was unmarried, and to give effect to the provisions of the will it must be held the will created in her a life estate, and the vesting of the remainder was contingent on her marriage and the birth of children who survive her in the first aspect. It appears that she has since married, and had issue one child. The language employed designates the children as those who take the remainder, and the estate does not vest in them, as an absolute fee simple title to them and their heirs forever, until the death of Jessie, as it is further provided that if she die childless the estate is to be divided among her mother and the rest of the testator's grand-nieces and nephews, etc., whose estate is contingent upon the death of Jessie without a surviving child or children or the descendants of such child or children, in which case the takers of the remainder are substituted for surviving children. By the first clause of the will Jessie Starkweather takes an estate for life in the house, lots and land and in the $500 therein bequeathed. The remainder is a concurrent, contingent remainder with a double aspect, to be determined immediately upon the death of Jessie, as at that moment it will vest in her child or children, or the descendants of such child or children, that survive her, and in default of such survival the remainder would vest in the mother of Jessie and the other grand-nieces and nephews of the testator. (*Dunwoodie* v. *Reed,* 3 Serg. & R. 452; *City*

*of Peoria* v. *Darst et al.* 101 Ill. 609.) It was not a limitation of a fee after a fee, but two contingent remainders in fee so limited that one could be substituted for the other, and, when once vested, was to be an indefeasible estate. The remainder, once vested in the children or their descendants, would be indefeasible, and the other contingent remainder could not be substituted. No remainder could vest until after the death of Jessie, hence Kathleen had no interest that could be sold by her guardian.

By the terms of the will the household furniture and the second $500 are bequeathed to Jessie absolutely, and the direction as to the manner of investment was not a limitation on her right to the same, but directory, merely. She was entitled to have the sum of $500 paid her on the settlement of the estate. The demurrer was general, and it was error to sustain the same, as to said allegations, as to the sum of $500 last mentioned.

The decree is reversed and the cause is remanded.

*Reversed and remanded.*