## Moorman's Exr. and Trustee v. Board Supervisors, Jefferson County, et al.

(Decided June 24, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Wills—Contingent Estate.—A devise to one for life with remainder in fee to his children, issue or heirs and in default of such children's issue or heirs to another, creates a contingent and not a vested estate in the last possible taker.

2. Taxation—Exemption.—Property that is not now and may never be used in or devoted to any of the purposes enumerated in sectin 170 of the Constitution is not exempt from taxation, because of the possibility that it may be so used eventually.

FRED FORCHT, B. F. WASHER and LAWRENCE LEOPOLD for appellant.

J. MATT CHILTON and N. C. CURETON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By his will C. P. Moorman, deceased, provided for the division of the proceeds of all of his property, amounting to more than $2,000,000.00 into two equal parts, one of which he devised to the Louisville Trust Company as trustee to provide for the comfortable support of his

invalid son for life and to be devoted after the death of his son to the establishment and maintenance of the "Charles P. Moorman Home for Women" in the manner specifically set out in the will. The other part he devised by the 13th clause of the will to the same trust company:

"In trust for my granddaughter, Lucy Elizabeth Moorman for and during her natural life subject to the following limitations: so much of the income from said portion as may be necessary shall be used by the trustee under the direction of said committee for the proper and liberal support of my said granddaughter and her family should she have one. I direct that the income from this portion not devoted to the support of my granddaughter as aforesaid shall be accumulated by the trustee and held as the property and estate of my said granddaughter until such accumulations shall have reached the amount of two hundred thousand dollars; when my granddaughter arrives at the age of twenty-five years, said two hundred thousand dollars shall be paid to her as her absolute estate, but in the event the accumulations do not amount to such sum at said time, then the trustee shall continue to apply the surplus income as aforesaid until said amount shall have been accumulated, at which time it shall be paid to her. So long as my granddaughter lives she shall receive such portion of the income of this trust as is required for her liberal support and that of her family, if any, as hereinbefore provided.

"Should my said granddaughter die at any time leaving issue surviving her this trust shall continue until the youngest of such issue living at her death attains the age of 21 years and so much of the income from this portion of my estate as the committee may deem proper shall be used by the trustee for the support and education of such issue until the time above designated, when this trust shall cease, and the principal and accumulated income of this share of my estate shall be distributed *per stirpes* among such issue.

"Should my granddaughter die leaving no issue surviving her or should such issue die without issue surviving before attaining the age of 21 years, then the share left for my said granddaughter in this will shall be employed for the same uses and purposes as the share of my son, Charles P. Moorman, Jr., and pass under this will as said share passes."

The only question presented by this appeal is whether or not the property held by the Louisville Trust Company as trustee of Lucy Elizabeth Moorman, etc., on the taxing date is liable for state and county taxation for the year 1918 as was held upon successive appeals from the assessment thereof for that year by the board of supervisors to the quarterly and circuit courts of Jefferson county.

Testator stated in the 15th clause of his will "the portion out of which my son Charles is provided for must accrue to said home. The portion out of which my granddaughter is provided for will result to such object only on the contingency stated in clause thirteen of this will."

The testator could have had no purpose in making this statement in his will except to remove the possibility of a doubt that the one-half of his estate should certainly "accrue to said home," but that the other half should "result" to such charitable use only upon the contingency of a failure of descendants through his granddaughter or the death of all such before reaching the prescribed age; and we have been unable to find even an intimation of a contrary purpose elsewhere in the will.

The granddaughter was twenty years of age on July 1, the taxing date for 1918, and in the light of human experience the possibility that this one-half of testator's estate will ever "result" to the home that certainly will be established in due time out of the other half of the estate is at least doubtful and remote; and certain it is beyond any shadow of a doubt that the testator if he meant what he clearly said, did not intend to give to the home not yet but certainly to be created out of the other half, any right of present enjoyment in this one-half of his estate, or even a present fixed right of future enjoyment or more than a bare chance of possession and enjoyment of same, since intervening between the particular estate of the granddaughter and any possible future interest of the home in the fund is the prior remainder interest of the granddaughter's possible issue. As is said in 23 R. C. L. 552:

"Concurrent or alternative contingent remainders or contingent remainders with a double aspect are created by limitations to one for life with remainder in fee to his children or issue or heirs, and in default of such children, issue or heirs, to another."

We are of the opinion therefore that there was not a "vesting of the gift in interest as distinct from its

vesting in enjoyment'' which created a vested estate as learned counsel argue, but that instead there was created in favor of the home, at most only a contingent estate in this fund.

Not only so, but section 170 of the Constitution, of which section 4026 of the statutes is a substantial and almost a literal copy and under which an exemption from taxation is claimed, limits the exemption to such *property,* including ''institutions for purely public charity'' as is actually being used in or devoted exclusively to public, charitable, religious or educational purposes and declares that ''all laws exempting or commuting property from taxation other than the property above mentioned shall be void.''

Even aside from the recognized general rule that exemptions from taxation are not favored and will be confined strictly to the declared purposes of the Constitution, as that instrument expressly ordains, it is perfectly plain that the framers of the Constitution never meant to extend this guarded favor to property that is not now and may never be used in or devoted to the enumerated purposes.

This is as far as the exigencies of this case permit us to go in construing this section and we therefore refrain from expressing an opinion as to property not now but certainly to be so used in the future.

It follows that the court did not err in holding that so much of this fund as is not invested in nontaxable securities was liable for taxation, and the judgment is affirmed.