IN RE HENRY FIELD'S ESTATE.

May Term, 1928.

Present: WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*Hamilton S. Peck* for appellant.

*Charles I. Button* for apellees.

WATSON, C. J. The third clause of the last will and testament of Henry Field, late of Ferrisburg in the County of Addison, this State, and in the Probate District of New Haven, is as follows:

> "I give to my daughter, Ann Eliza Frisbie, during her life the use and income of all the land I own in * * * also, after the decease of my wife, my Homestead in * * * and at the decease of the said Ann Eliza Frisbie I give all of the premises of which she has hereby the life use, to her children if living, otherwise to my grandchildren share and share alike."

At a session of the Probate Court of said District, held on the 11th day of November, 1927, on the application of Egbert

F. Frisbie, administrator *de bonis non* of the last will and testament of said Henry Field, deceased, due notice having been given to all persons interested, C. I. Button, Esq., appearing for John A. Ryan who claimed an interest in said estate by virtue of a quit claim deed from Vincent Frisbie (son of Walter Frisbie, deceased, mentioned below), and Warren Austin, Esq., for said Egbert F. Frisbie as devisee, facts were agreed as follows:

> "That Henry Field was survived by three children, Edmond, Ann Eliza and Cassius W.; that Edmond is still living at the age of 86 years, childless; that Ann Eliza had two children, Egbert and Walter, both whom survived the testator; that both married and had issue, all of whom are now living, but that Walter deceased prior to the death of his mother, survived by a widow, now a Mrs. Gleason, who is still living, and by one child, Vincent Frisbie; that Cassius W. Field is dead and is survived by two children who are married and have children; that Mrs. Cassius Field is living; and that the whole will be made a part hereof by reference as though incorporated herein, for such light as may be afforded thereby in the construction of the above quoted paragraph therefrom."

It further then and there appeared that the widow of the testator had deceased; that said Ann Eliza Frisbie had deceased; that at the time of the decease of the testator Ann Eliza had as children, two sons only, Egbert and Walter Frisbie; that Walter thereafter married and had one child, Vincent Frisbie, and had since deceased, prior to the death of his mother, Ann Eliza; that Ann Eliza died after the death of the testator and his widow; that said Vincent Frisbie, subsequently to the death of his father, conveyed his interest in said estate to one John A. Ryan, by quit claim deed; and that after the payment of the debts and funeral charges of the testator, and the expenses of administration of his estate, there remained for a partial decree, the real estate the life use and income of which, by the said third clause of his will, he gave to his daughter, Ann Eliza Frisbie, with remainder over "to her children if living, otherwise to my grandchildren share and share alike."

Thereupon the probate court decreed the aforesaid real estate in fee to the said Egbert F. Frisbie and to the estate of Walter Frisbie, deceased, share and share alike.

From this decree, Egbert F. Frisbie appealed to the Supreme Court, under the provisions of G. L. 3451, assigning as the grounds of such appeal that said Walter Frisbie at the death of his mother had no interest in the estate of the testator, and consequently his (Walter's) estate has no interest therein; by reason whereof the probate court erroneously and wrongfully decreed to the last named estate any part or share of such real estate, which real estate and every part thereof, at the decease of Ann Eliza, said Walter Frisbie having predeceased, became the property in fee of the appellant under the provisions of said will.

Herein is involved the primary question presented for review, and its proper solution can be reached only by giving such construction to the will in that respect as the testator intended, applying the rules appropriate to such purpose in the situation.

The will was executed on December 17, 1895. The record before us does not show the date of the testator's death, but it shows inferentially that he deceased prior to June 16, 1897, for on that day his said last will and testament was duly filed for probate. Of the testator's three children living at the date of the will, Edmond H. was then fifty-four years of age, unmarried and childless. Ann Eliza was married and had two children living, Egbert F. Frisbie and Walter Frisbie, grandchildren of the testator. Cassius W. was married and had two children, grandchildren of the testator. Cynthia J. Field, the wife of Cassius W. was living. Presumably all the foregoing facts were known to the testator at the time of making his will. Walter Frisbie died on the ———— day of June, 1902, and his mother, Ann Eliza Frisbie, on October 3, 1927.

In aid of the construction of the third clause as intended by the testator, we may and do look at the whole context of the will, taken together (*Button* v. *American Tract Soc.*, 23 Vt. 336), and "words occurring more than once in a will shall be presumed to be used always in the same sense, unless a contrary intention appears by the context, or unless the words be applied to a different subject." *In re Irish's Will*, 89 Vt.

56, 94 Atl. 173, Ann. Cas. 1917C, 1154; *In re Henry's Will,* 99 Vt. 437, 134 Atl. 632, 49 A. L. R. 169.

██ ██ The first clause pertains to the payment of debts, funeral charges, etc. By the second clause the testator gave the use and income of certain specified land owned by him, to his son Edmond H. during his life, and at his decease, if he shall leave child or children, such child or children are given "the above mentioned land in equal shares; but if the said Edmond H. Field shall leave no heir of his body, then in that case, at the decease of said Edmond, "I give the aforesaid land * * * to the heirs of my son Cassius W. Field and to the heirs of my daughter, Ann Eliza Frisbie, share and share alike." By the fourth clause, the testator gives to his son Cassius W., during his life, the use and income of a certain farm (mentioned), and "at the decease of Cassius W., and during the life of his wife Cynthia J. Field, the latter is given one-half of the use and income of said farm, and the other half of such use and income to the children of Cassius W., "but if no children of said Cassius are living," the entire use and income is given to said Cynthia J., "and at her decease I give the above mentioned * * * farm to the children of the said Cassius W. Field if living, otherwise to my grandchildren share and share alike." And by the residuary clause, the residue and remainder of all the testator's estate not otherwise disposed of, at the decease of his wife, is given to Edmond H., one-half to be held by him in trust for the express use and benefit of Cassius W., "during his lifetime and at the decease of said Cassius, I give the same to his children if living, otherwise to my grandchildren share and share alike."

Recurring to the second clause, it is seen that following the creation of a life tenancy in Edmond H., with remainder to his child or children, the words used are, "and at his decease if he shall leave child or children," etc., and again, but if he "shall leave no heir of his body," then, etc. The words "shall leave" in each connection unmistakably point to the time mentioned therewith, namely, "at his decease," the termination of the life estate—not at the death of the testator. Again, in the fourth clause, in connection with the use and income given to Cynthia J. and the children of Cassius W. after his decease, during her life, but if no children of Cassius W. "are living," then, etc., and at her decease, to the children of Cassius, "if living," etc. We think the words "are living" have reference

to the time of the decease of Cassius W., and indicate to no small extent that the subsequent words "if living" point to the termination of the last life estate by the death of Cynthia J.

The foregoing matters in connection with other clauses in the will, have been thus given attention as bearing on what is, perhaps, the most important question in the case, namely, whether the remainder in the clause under consideration vested at the decease of the testator, or not until the determination of the particular estate.

Fearne on Remainders, at pages 2, 3, states as follows:

"An estate is vested, when there is an immediate fixed right of present or future enjoyment. * * * * *

"An estate is contingent, when a right of enjoyment is to accrue, on an event which is dubious and uncertain. * * * * *

"A contingent remainder is a remainder limited so as to depend on an event or condition which may never happen or be performed, or which may not happen or be performed till after the determination of the preceding estate; * * * * *."

"A vested remainder, whereby a vested interest passes to the party, though to be enjoyed *in futuro*, is where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent. A contingent remainder, whereby no present interest passes, is where the estate in remainder is limited to take effect either to a dubious and uncertain person, or upon a dubious and uncertain event."

*Ducker* v. *Burnham*, 146 Ill. 9, 34 N. E. 558, 37 A. S. R. 135.

*Chapin* v. *Crow*, 147 Ill. 219, 35 N. E. 536, 37 A. S. R. 213. A contingency may exist in the uncertainty as to the persons who are to take. *Bamforth* v. *Bamforth*, 123 Mass. 280; *Heilman* v. *Heilman*, 129 Ind. 59, 28 N. E. 310.

To be observed in this connection are the important rules of construction that the law favors the early vesting of estates and presumes in favor of the vesting of remainders in interest on the decease of the testator, if the language used

is consistent with an intention to postpone the enjoyment only; which presumption is so favorably regarded that no estate will be held contingent unless positive terms are employed in the will indicating a contrary intention. *In re Robinson's Estate,* 90 Vt. 328, 98 Atl. 826; *In re Carter's Will,* 99 Vt. 480, 134 Atl. 581; *In re Henry's Will,* cited above.

In the third clause, by the remainder over to the life tenant's "children if living, otherwise to my grandchildren share and share alike," there are two estates in fee limited on the same particular estate in the alternative by way of remainder upon a contingency which contemplates that only one of the alternative remainders shall take effect in possession. "Such a limitation," says 23 R. C. L. 487, par. 12, "is called a limitation on a contingency in a double aspect or a remainder on a double contingency." The vesting of the second alternative depends on the failure of the first, the same contingency deciding which of the two remainders shall take effect in possession, the contingency being the life tenant having children living at her decease, a dubious and uncertain event which might or might not happen, and whether it did happen could not perhaps, in the circumstances, be determined until then. The same author says at page 552, par. 96, "Each of these alternative, concurrent interests is a remainder in regard to the particular estate, but none is a remainder in regard to any of the others. And these remainders, being alternative or substitutional in their nature, are always contingent." To the same effect as to the nature and contingency of such alternative remainders, are the following cases: *Rutledge* v. *Fishburne,* 66 S. C. 155, 44 S. E. 564, 97 A. S. R. 757; *Allison* v. *Allison,* 101 Va. 537, 44 S. E. 904, 63 L. R. A. 920; *Moorman* v. *Jefferson County,* 192 Ky. 242, 232 S. W. 379; *Carolina Power Co.* v. *Haywood,* 186 N. C. 313, 119 S. E. 500; *Furnish* v. *Rogers,* 154 Ill. 569, 39 N. E. 989; *Golladay* v. *Knock,* 235 Ill. 412, 85 N. E. 649, 126 A. S. R. 224; *Dunwoodie* v. *Reed,* 3 Serg. & R. (Pa.) 435; *Watson* v. *Smith,* 110 N. C. 6, 14 S. E. 640, 28 A. S. R. 665; *Stump* v *Findlay,* 2 Rawle (Pa.) 168, 19 A. D. 632; *Schapiro* v. *Howard,* 113 Md. 360, 78 Atl. 58, 140 A. S. R. 414.

From our examination of the matter, it seems clear that under the third clause of the will the testator intended that the remainders over should be contingent on the life tenant

leaving children living at her decease, and that the alternative remainder taking effect should not vest in interest until the happening of the contingency; and we therefore construe that clause accordingly.

The device by way of remainder to the life tenant's children if living, is a gift to a class, and according to the general rule of construction in such cases, only those persons of the class as are living at the time of the happening of the contingency upon which the remainder is limited, are included. *In re Irish's Will, supra; Goebel* v. *Wolf,* 113 N. Y. 405, 21 N. E. 388, 10 A. S. R. 464; *In re Allen,* 151 N. Y. 243, 45 N. E. 554; *Schapiro* v. *Howard, supra.* See *Douglas, Admr.* v. *James,* 66 Vt. 21, 28 Atl. 319, 44 A. S. R. 817.

As before seen, Egbert F. Frisbie and Walter Frisbie were the only persons ever of that class. When the contingency happened, Walter had predeceased, but Egbert F. was living. It follows that under said devise Egbert F. was the sole and absolute owner of said real estate, and that Walter's estate was the owner of no part thereof or interest therein. Consequently the decree below was unwarranted in law and cannot stand.

*Decree reversed and cause remanded with directions that a decree be entered giving to Egbert F. Frisbie solely, a fee simple estate in all and every part of said real estate.*