### In re Estate of Perley Clark Boardman

[223 A.2d 460]

June Term, 1966

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 4, 1966

*Black, Wilson & Hoff* for appellants.

*A. Pearley Feen* for Mary Fletcher Hospital.

*Robert H. Brown* for King's Daughters Home, Inc.

*Yandell & Page* for Howard National Bank & Trust Co., co-executor.

*Consuelo N. Bailey,* co-executor, *pro se.*

**Smith, J.** The late Perley Clark Boardman executed his Last Will and Testament on February 23, 1954. On April 8, 1960 he executed a codicil to his will. In Article III (A) appears the following:

"A. To each of the following named persons and organizations I give and bequeath the amount set opposite his, her or its name. In the event any such legatee shall predecease me, or shall cease to exist prior to my death, then in that event the legacy hereinafter set forth shall (unless the terms thereof otherwise provide) lapse and fall into the residue of my estate:

. . . .

Burton M. Field, Sr., North Easton, Massachusetts......$3,000.00

. . . .

Robert D. Field and Dorothy Field, his wife,
Bridgeport, Connecticut, or to the survivor of them............$3,000.00"

The executor of the Boardman estate on June 16, 1964 petitioned the Probate Court, District of Grand Isle as follows:

"Petitioner is uncertain as to whether a single or double legacy is intended in case of the several bequests to two named persons or survivors; that is to say whether each named person is to receive the specified amount of legacy in full, or whether the specified amount of the legacy is to be paid to the two named persons jointly, or to the survivor of them."

An appeal was taken from the decree of the Probate Court to the Grand Isle County Court. The appellants, Robert D. Field and Dorothy Field, together with other legatees under the will, have appealed here from the findings of fact and the judgment of the Grand Isle County Court.

The judgment appealed from, affirming the decree of the Probate Court, is that the specific amount stated in each bequest under Article III (A) of the codicil to the will of the decedent is the total amount of the legacy payable to each couple named therein, jointly, or, in the event that one survives, to such survivor. Under such judgment order the legacy payable to Robert D. Field and Dorothy Field is the sum of $3,000.00 payable to them jointly.

The findings of the lower court objected to (No. 7, 8, 9, 10) we think are fairly summarized below. The lower court found that it was the intent of the testator to treat a husband and wife in the codicil as a single party, and bequeathed a specified amount as the total amount of legacy payable to each couple named. Each couple is entitled to the amount set forth opposite their names in the codicil and that this cannot be enlarged. The court further found that the word "each" as used in said codicil, considering the other individuals named in the bequests in the codicil, as well as a considering of the phrase "or the survivor of them," compels the Court to the conclusion that the couple, husband and wife, were to benefit by the single amount set opposite their names.

"In construing a will the first and chief object is to ascertain the intention of the testator, from the language used, since so far as it may be legally carried out, that governs. To determine such intention, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relations of the parties concerned and the circumstances attending its execution. Force and effect must be given to every part of the will, if possible. *In re Trust Estate of Harris*, 120 Vt. 399, 404, 405. We look to the whole context of the will and consider its general spirit." *In re Estate of Mattison*, 122 Vt. 486, 488, 177 A.2d 230.

The context of Article III (A) contains sixty separate bequests. A definite and certain amount of money is set opposite each of these bequests. Some of such bequests are to individuals, some to two named

persons, and others are to churches, societies and various other institutions.

One bequest is of $6,000 to the "Children of Ray R. Allen, to be divided among them in six equal shares." Another, of $4,000, is to Annabelle Boardman, to be paid by her to her four children in such proportions as she shall deem proper. It cannot be doubted that the intention of the testator in each of the above bequests was to bequeath the amount of money specifically set forth in each instance, even if such legacy was to be divided among members of a class, and no more.

The bequest to Robert Field and Dorothy Field, his wife, as well as the four other bequests similar to it, also have set forth a definite and certain sum of money as a legacy. All but one of such bequests are also to two named persons in a husband and wife relationship, with the other such bequest being to a brother and sister living at a common address.

The appellants admit that a conveyance or bequest to a husband and wife presumptively creates a tenancy by the entireties, but that the intent of the testator was otherwise because of the words, "to each of the following named persons," appearing in Article III (A). Such intention, say the appellants, was to leave to Mr. and Mrs. Field, for example, $3,000 each, for a total of $6,000, rather than the amount of $3,000 set forth as the bequest to them.

But the bequest to the Fields, as are those to the other named couples, is not only to them, but "or to the survivor of them" in each instance. The intent expressed by this phrase is an alternative devise. *Wyman* v. *Kinney et al*, 111 Vt. 94, 101-102, 10 A.2d 191.

It is clear that the testator by the use of this alternative devise expressed the intent that if one of a named couple predeceased him, then the surviving member of the pair should receive the specified legacy. Thus the surviving spouse would receive the full amount of the legacy specified, rather than an undivided half interest in the bequest which would obtain if both husband and wife were living at the testator's death. If the contention of the appellants was correct, the legacy to the survivor would be $6,000, for the survivor would take the legacy that would have gone to both, had both husband and wife survived the testator. But the terms of the will make clear that only the expressed sum of $3,000 is the legacy of the survivor, nor can it be more for

those for whom the testator made the survivor the substitute. While the survivor would be substituted for the couple, the legacy would remain the same.

Also, by the use of the words "or to the survivor" it is apparent that the testator regarded the bequests to the couples named as single legacies to tenants by the entirety in the case of the married couples, and as a joint tenancy, as to the brother and sister. This is consistent with the intention expressed in the other bequests in the codicil that the definite sum of money given as a legacy in each bequest limited the extent of the testator's bounty.

 By the expression indicative of survivorship in each of the bequests here in question indicates that each such gift was to the couple named as tenants by the entirety, and not as individual gifts. Although the words "to each person" appear in the codicil, such words of survivorship overcome any presumption of individual gifts to the appellants. *Strohm* v. *McMullen*, 89 N.E. 2d 383, 96 C.J.S. Wills §693, p. 30. Although a bequest is to individuals, by name, yet if it appears upon the whole will that the testator considered them as constituting a group or class and intended the whole should go to the survivors, that intention will prevail. *Fowler* v. *Whalen*, 83 N.H. 453, 144 Atl. 63, 75 A.L.R. 752, 755.

*Judgment affirmed.*