Giovanina S. ALDRICH v. Lloyd S. ALDRICH

[543 A.2d 1318]

No. 86-390

February 5, 1988. The Rutland Superior Court found that defendant, Lloyd S. Aldrich, had a right to distribution in a trust set up by his grandfather. This was error. Upon consideration of the language creating this trust, and construing it to give effect to the grantor's intent, *Destitute of Bennington County* v. *Putnam Memorial Hospital,*

125 Vt. 289, 293, 215 A.2d 134, 137-38 (1965), we find that, at the time of the court's order, defendant had a vested remainder interest in the trust, subject to partial or complete defeasance: since Marion Acioly was given a life estate in the trust money, defendant had a present right of future enjoyment at the termination of her life estate, see *In re Field's Estate* , 101 Vt. 242, 248, 143 A. 280, 282 (1928); W. Schwartz, Future Interests and Estate Planning § 2.10 (1965); and since the trustee had the power to distribute to Acioly trust principal as well as the income from the trust, defendant's interest in the trust was subject to partial or complete divestment. W. Schwartz, Future Interests and Estate Planning § 2.11. Consequently, although defendant's interest in the trust was vested, he had no present right of distribution. *Id.*

The death of Acioly during the pendency of this appeal terminated the life estate giving defendant a present distributable interest in both the trust principal and income. See *In re Pirie Estate*, 116 Vt. 159, 71 A.2d 245 (1950). Although the initial award of the trust money was improper,* the property is now properly subject to the court's distribution, and a recomputation of the amount awarded may be necessary.

*The judgment of the superior court with regards to the distribution of the trust assets is reversed and remanded for further proceedings consistent with this opinion.*

---

* We note that since a vested contingent remainder is alienable defendant's remainder interest could have been distributed by the court, but not as a presently distributable interest. See *Kennedy v. Rutter*, 110 Vt. 332, 344, 6 A.2d 17, 23 (1939).